UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| IRWIN INDUSTRIAL TOOL COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 15-00107 |
| v. | ) ) | |
| UNITED STATES, | ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

Plaintiff, Irwin Industrial Tool Company (Irwin), by and through its attorneys, alleges and states the following in its Complaint:

### JURISDICTION AND STANDING

1. Irwin brings this action to contest protests denied by U.S. Customs and Border Protection ("CBP") under Section 515 of the Tariff Act of 1930, as amended (19 U.S.C. § 1515).

2. The imported merchandise in this case are the same styles of merchandise or substantially similar in all material respects as the merchandise that was the subject of the classification decisions in *Irwin Industrial Tool Company v. United States*, 222 F. Supp. 3d 1210 (CIT 2017) (*"Irwin I"*), motion for reconsideration *denied* in 269 F. Supp. 3d 1294 (2017) (*"Irwin II"*), *affirmed in* 920 F. 3d 1356 (Fed. Cir. 2019) (*"Irwin III"*).

3. The United States Court of International Trade has exclusive jurisdiction over this action pursuant to 28 U.S.C. § 1581(a).

4. Plaintiff is the importer of record of the subject merchandise in the entries at issue.

5. Plaintiff files this action pursuant to 28 U.S.C. § 2632.

6. Plaintiff paid all liquidated duties, charges, exactions and fees, prior to the commencement of this action.

7. Plaintiff has standing pursuant to 28 U.S.C. § 2631.

8. Between May 2, 2013 and December 16, 2013, Plaintiff entered the subject merchandise.

9. Between June 13, 2014 and October 31, 2014, CBP liquidated entries of the subject merchandise under subheading 8204.12.00, Harmonized Tariff Schedule of the United States ("HTSUS").

10. Plaintiff timely filed the protests of CBP's classification decision in this case, which were then denied.

11. CBP's denial of the protests was erroneous.

12. Plaintiff timely filed its summons in this case. 28 U.S.C. § 2636.

13. The subject merchandise is properly classified under subheading 8203.20.60, HTSUS, which provides for "Pliers (including cutting pliers), pincers, tweezers and similar tools, and parts thereof: Other: Pliers."

## FACTUAL ALLEGATIONS

14. The subject merchandise is classifiable in Chapter 82 of the HTSUS.

15. The subject merchandise is locking pliers.

16. The subject merchandise is made of heat-treated alloy steel.

17. The subject merchandise are versatile hand tools.

18. The subject merchandise is designed to be locked into position.

19. The subject merchandise has two handles that are designed to be gripped together when in use.

20. The subject merchandise has two opposing metal jaws with metal teeth.

21. The jaws of the subject merchandise are connected by a joint or pivot.

22. The subject merchandise includes a spring mechanism.

23. The jaws of the imported merchandise are designed to pinch, grip, twist, and/or clamp objects from any angle.

24. The subject merchandise does not have a jaw opening adjustment mechanism.

25. The subject merchandise does not have an adjusting mechanism that allows a movable jaw to be positioned at various points in a range.

26. The subject merchandise does not have a fixed frame.

27. Classification under the HTSUS is determined by the General Rules of Interpretation ("GRI"), U.S. Additional Rules of Interpretation, Section Notes, Chapter Notes, and the terms of the Heading. N. Am. Processing Co. v. United States, 236 F.3d 695, 698 (Fed. Cir. 2001).

28. The American Society of Mechanical Engineers ("ASME") technical standards provide performance and safety requirements for tools.

29. CBP uses the ASME technical standards in making its classification decisions.

30. Pliers and wrenches are not defined explicitly in the HTSUS.

31. The court defines HTSUS tariff terms relying upon its own understanding of the terms and may "consult lexicographic and scientific authorities, dictionaries, and other reliable information sources." *Carl Zeiss, Inc.*, 195 F.3d at 1379. The court may also be aided by the Harmonized Commodity Description and Coding System's Explanatory Notes. *StoreWALL, LLC v. United States*, 644 F.3d 1358, 1363 (Fed. Cir. 2011).

32. This court found that the common and commercial meaning of the term "pliers" as it appears in subheading 8203.20.6030, HTSUS, refers to "a versatile hand tool with two handles and two jaws that are flat or serrated and are on a pivot, which must be squeezed together to enable the tool to grasp an object." *Irwin Indus. Tool Co., v. United States*, 222 F. Supp. 3d at 1221–22, 1224.

33. The subject merchandise meets the definition of locking pliers determined by this court and affirmed by the Federal Circuit in *Irwin I* and *Irwin III*.

34. Additionally, "locking pliers that are suitable for gripping, clamping, pinching, and wrenching" are defined in ASME Standard B107.500-2010 (B107.24), entitled "Pliers: Locking, Clamp, and Tubing Pinch-Off." See Exhibit F, ASME B107.500-2010: Pliers, ASME B107.24 at 107-109 (2011).

35. The ASME standard states the following features are common to locking pliers: "Handles"; "Joints"; "Jaws"; "Adjusting Screw"; and "Spring." Id.

36. The ASME standard for locking pliers states that such "[p]liers shall have straight, curved, long nose, or bent nose jaws." Id.

37. The ASME standard identifies three classes of "locking pliers."

38. The imported merchandise meets the ASME standard for locking pliers.

39. The "Adjustable Wrenches" technical standards are defined in ASME B107.100-2010 (B107.8). See Exhibit G, ASME B107.100-2010: Flat Wrenches, ASME B107.8 at 11 (2010).

40. The ASME wrench standard states that adjustable wrenches "shall consist essentially of a frame (fixed jaw and handle), a movable jaw, and a jaw opening adjustment mechanism." Id.

41. The subject merchandise does not meet the ASME technical standards for wrenches.

## CAUSE OF ACTION

42. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 41.

43. The subject merchandise is properly classified under subheading 8203.20.6030, HTSUS which provides:

> 8203 Files, rasps, pliers (including cutting pliers), pincers, tweezers, metal cutting shears, pipe cutters, bolt cutters, perforating punches and similar handtools, and base metal parts thereof:
>
> 8203.20 Pliers (including cutting pliers), pincers, tweezers and similar tools, and parts thereof:
>
>     8203.20.60 Other (except parts)
>
>     8203.20.6030 Pliers

The applicable duty rate is 12¢/doz. + 5.5%.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment against Defendant and:

a. Determine that Customs erroneously denied Plaintiff's protests.

b. Determine as a matter of law that the subject merchandise is properly classified under subheading 8203.20.60, HTSUS;

c. Order CBP to reliquidate the subject entries accordingly and to refund to Plaintiff all excess duties assessed, plus interest as provided by law;

d. Award Plaintiff costs and attorney's fees and expenses as permitted by law; and

e. Granting such further and additional relief as this Court may deem just and proper.

Respectfully submitted,

/s Frances P. Hadfield
Daniel Cannistra
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, New York 10022
Tel. 212.803.4040
FHadfield@crowell.com
Counsel for Irwin Industrial Tool Company

Dated: October 29, 2021
New York, New York

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of October 2021, that I served a true copy of the foregoing through the Court's electronic filing system.

/s/  Frances Hadfield